UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-20143-CR-SCOLA

UNITED STATES OF AMERICA

vs.

ALEXIS GONGORA-BELALCAZAR,
        a/k/a "Neusa,"
        a/k/a "Deusa,"
        Defendant.
_____/

## STIPULATED FACTUAL PROFFER

The United States of America and Defendant Alexis Gongora-Belalcazar ("GONGORA-BELALCAZAR"), through counsel, hereby stipulate and agree that had this case proceeded to trial, the following facts, among others, would have been proved beyond a reasonable doubt:

Beginning in 2017, DEA and the Colombian National Police (CNP) began an investigation into a drug trafficking organization (DTO) that sent maritime vessels loaded with cocaine from Colombia through the Pacific Ocean for delivery to Central America for eventual distribution in the United States. During the course of the investigation, the CNP had judicially authorized wiretaps on numerous phones used by members of this DTO. CNP and DEA also developed information that was provided to the United States Coast Guard (USCG) and other maritime law enforcement agencies, which allowed them to intercept go-fast vessels (GFV) during the different smuggling ventures.

GONGORA-BELALCAZAR and his co-conspirators planned and executed the launch of at least one dispatch that was interdicted by the USCG. GONGORA-BELALCAZAR served as the logistical coordinator for the dispatch of this load. GONGORA-BELALCAZAR knew that the cocaine was intended for eventual distribution in the United States.

On November 23, 2018, while on routine patrol in the Eastern Pacific, a USCG maritime patrol aircraft spotted a GFV 130 nautical miles southwest of Punta Mala, Panama. USCG Cutter Hamilton diverted to intercept. The GFV was without a flag, registration documents or name on the GFV. USCG personnel boarded the GFV and an individual in charge claimed Colombian nationality for the GFV. USCG contacted the government of Colombia. They could neither confirm nor deny nationality of the GFV. The USCG then proceeded to treat the GFV as a vessel without nationality and completed a search of the GFV. USCG personnel performed an ionscan, which was positive for the presence of cocaine. During a further search, powder was found behind the bulkhead of the GFV. A field test was conducted on the powder, and it was positive for cocaine. The total weight of the cocaine was 336 kilograms. The crew was detained and transferred to DEA for prosecution in the Southern District of Florida.

One of the crew members of the interdicted vessel, cooperating defendant 1 (CD1), agreed to cooperate and provided information about the dispatch. CD1 indicated he was recruited for the transport of the 336-kilogram drug load by Juan Larinson Castro-Estupinan.[1] CD1 stated that he met with GONGORA-BELALCAZAR and Boya-Meza, a co-defendant, that he was told that he (CD1), would have to go to Costa Rica with the load and once there CD1 was responsible for delivering a portion of the cocaine to Castro-Estupinan's "friend." CD1 was shown the markings of the drugs that he had to pick out. CD1 stated that after returning from talking to Boya-Meza and GONGORA-BELALCAZAR, he was taken to an area where there were several men loading the boat with the drugs. The vessel dispatched shortly thereafter.

---

[1] Castro-Estupinan was charged in this indictment. He was arrested in Colombia and held at La Picota jail awaiting extradition. He escaped from the jail and was killed during a re-capture operation.

Another cooperating defendant, CD2, also discussed GONGORA-BELALCAZAR's role in this dispatch. CD2 stated that GONGORA-BELALCAZAR worked for Walter Romero-Montana and oversaw all logistics, to include the procurement of food and fuel, moving the drugs, and recruitment of the boat crew. CD2 indicated that GONGORA-BELALCAZAR was often present when CD2 was paid for the loads. CD2 explained that he had constant communication with GONGORA-BELALCAZAR during the GFV venture.

The parties agree that these facts, which do not include all facts known to the United States of America and the Defendant, meet the elements of Title 21, United States Code, Section 963 and are sufficient to prove the Defendant's guilt beyond a reasonable doubt.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 12/10/2024      By: _____
                          MONIQUE BOTERO
                          ASSISTANT UNITED STATES ATTORNEY

Date: 12/10/24         By: _____
                          RAFAEL RODRIGUEZ
                          COUNSEL FOR DEFENDANT

Date: 12/10/24         By: _____
                          ALEXIS GONGORA-BELALCAZAR
                          THE DEFENDANT

3